NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BREYNER GONZALES-FUENTES; SUCELY CORONADO; BREYNER GONZALEZ; DYLAN GONZALEZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 24-1450<br><br>Agency Nos.<br>A240-181-955,<br>A240-181-956,<br>A240-181-957, and<br>A240-181-958<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Petitioner Breyner Gonzalez-Fuentes, his partner, Sucely Selena Hernandez-

Coronado, and their two children, Breyner Emanuel and Dylan Jesus—natives and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

citizens of Guatemala—petition for review of the Board of Immigration Appeals's ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because the BIA did not expressly adopt the IJ's decision, our review here is limited to the BIA's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. (citation omitted).

1.      Gonzalez-Fuentes argues that the BIA erred in concluding that he failed to demonstrate past persecution. The BIA found that "although [Gonzalez-Fuentes] was threatened while he was extorted, he was ever physically harmed, and the threats of harm were ultimately never carried out." Therefore, the BIA affirmed the IJ's determination "that the extortion and threats [Gonzalez-Fuentes] received do not rise to the level of persecution."

"When the BIA determines whether particular acts constitute persecution for purposes of asylum, we have held alternatively that the BIA's determination is

reviewed de novo or for substantial evidence." *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024) (first citing *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021); and then citing *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021)).  It is not necessary to resolve which standard governs here because, even under the less deferential de novo review standard, Gonzalez-Fuentes has not shown that the BIA erred in concluding that he was not persecuted.

Gonzalez-Fuentes and his family were not subjected to physical violence in Guatemala.  *See Sharma*, 9 F.4th at 1061 (citing *Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003)) (explaining that whether a petitioner was exposed to violence is the first consideration, and often a significant one, in determining whether they were persecuted).

While "*credible* death threats alone can constitute persecution," *Corpeno-Romero v. Garland*, 120 F.4th 570, 578 (9th Cir. 2024) (quoting *Duran-Rodriguez*, 918 F.3d at 1028), the threats Gonzalez-Fuentes faced were not accompanied by the sort of concrete circumstances present in other cases where death threats have constituted persecution, *see id.* (explaining that threats are likelier to establish past persecution "when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism" (quoting *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004))).  *See also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without

more, do not necessarily compel a finding of past persecution."). The cases that Gonzalez-Fuentes cites involved credible death threats backed up by acts of violence against family members or similarly situated individuals—facts that are not present here. *See Salazar-Paucar v. INS*, 281 F.3d 1069, 1071–72 (9th Cir. 2002); *Ruano v. Ashcroft*, 301 F.3d 1155, 1157 (9th Cir. 2002). We conclude that the threats Gonzalez-Fuentes received are insufficient to constitute persecution.

2.      Gonzalez-Fuentes also argues that the BIA erred in affirming the IJ's determination that he had not shown a well-grounded fear of future persecution. He relies on the same facts and arguments to challenge this conclusion as he did to challenge the BIA's affirmance of the IJ's past persecution finding. For the same reasons as above, we are not persuaded.

3.      Without a showing of past persecution or a well-founded fear of future persecution, Gonzalez-Fuentes is not entitled to asylum. Therefore, he also fails to satisfy the higher standard for withholding of removal. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021), *abrogated on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), *as recognized in Lopez v. Garland*, 116 F.4th 1032, 1039 (9th Cir. 2024).

4.      Because Gonzalez-Fuentes's failure to show past persecution or a well-founded fear of future persecution is dispositive, we do not reach his other arguments regarding his asylum and withholding of removal claims. *See INS v.*

*Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

5.      Gonzalez-Fuentes does not meaningfully argue that the agency erred in denying him CAT relief. "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citation omitted). Therefore, Gonzalez-Fuentes's challenge to the BIA's affirmance of the IJ denying his application for CAT relief is waived.

6.      Finally, Gonzalez-Fuentes failed to raise his due process arguments to the BIA. Petitioners must exhaust their arguments before the BIA. 8 U.S.C. § 1252(d)(1). Exhaustion "is a non-jurisdictional 'claim processing rule'" that we must enforce if properly raised. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023)). And while some due process claims are excepted from the exhaustion requirement, allegations of bias are not. *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001). Because the government raised Gonzalez-Fuentes's failure to exhaust his due process arguments, we cannot consider them.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Gonzalez-Fuentes's motion for a stay of removal is denied. The temporary stay of removal expires upon issuance of the mandate.